| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF NEW YORK | FILED JAN 2 0 2009 |

UNITED STATES OF AMERICA,

v.

JACK PINSKI,

Defendant.

97-CR-564

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On July 30, 2008, Jack Pinski pled guilty to count one of an eight-count indictment which charged that between November 1995 and January 1996, he and others conspired to conduct financial transactions involving the proceeds of unlawful narcotics trafficking, knowing that the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds and that the property involved in the transactions represented the proceeds of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i).

Pinski was sentenced on December 10, 2008. Defendant, a foreign national, notified the court that he was aware of his right to have his national consulate notified regarding his arrest and the charges against him. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-two and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between forty-one and fifty-one months. The offense carried a maximum term of imprisonment of twenty years. See 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i). The guidelines range of fine was from $7,500 to $75,000. The maximum fine was $7,100,000, which represents twice the funds involved in the conspiracy. See id. The underlying charges in the indictment were dismissed upon motion by the government.

Pinski was sentenced to eighteen months imprisonment and three years supervised release. He expressed his understanding that he will be deported upon completion of his prison sentence. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart under the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The crime of money laundering to which the defendant pled guilty is serious because it helps to make drug dealing possible, hurting communities in the United States and abroad. The defendant benefited financially from the criminal act. He was a fugitive for more than ten years, living in Colombia and Israel during that time while the other defendants charged in the case were arrested and prosecuted. He was arrested only when he traveled to Mexico, where he was taken into custody and extradited to the United States. While he was a fugitive, he maintained gainful and legal employment and assisted his mother while she was sick. He has a one-year work position waiting for him in Colombia once he completes his period of incarceration for this charge. For this job, he will apply his extensive engineering training and experience, which includes two graduate degrees.

Rabbi Sholom Lipskar, the chairman of the Aleph Institute, explained to the court in writing and at the sentencing hearing the programming in which the defendant will participate subsequent to his release to assist in his rehabilitation and reintegration into society. The defendant has significant medical problems, including diabetes and high blood pressure. His father is presently ill. At the hearing, Pinski expressed remorse for the crime that he committed. The court found that the fact that Pinski was a fugitive for many years was offset by the fact that incarceration at this stage of his life will have a more serious impact on him. As a result of this conviction, he has lost his job and his engagement to be married has been broken.

Given those facts, a sentence of eighteen months imprisonment reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in money laundering and the illicit narcotics trade will result in a substantial prison sentence. Specific deterrence is not necessary in the present case. It is unlikely that the defendant will engage in further criminal activity in light of his familial and employment responsibilities, age, remorse, health problems, and community support.

Jack B. Weinstein
Senior United States District Judge

Dated: December 18, 2008
Brooklyn, New York